UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN J. MIKNAITIS                       CIVIL ACTION

VERSUS                                  NO: 15-2857

ROBERT W. DOTY, ET AL.                  SECTION: R(3)

**ORDER AND REASONS**

Plaintiff John Miknaitis moves the Court to remand this case because his alleged damages do not satisfy the amount in controversy requirement under 28 U.S.C. § 1332.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff John Miknaitis filed this tort action in Louisiana's Twenty-Second Judicial District Court for the Parish of St. Tammany after a car accident that Miknaitis alleges defendant Robert Doty caused.[2] Miknaitis alleges that as a result of accident, he "suffered injuries, coupled with pain, [sic] and suffering, which continues to this date."[3] Miknaitis further alleges that the accident caused him "physical and mental pain and suffering,

---

[1] R. Doc. 7; R. Doc. 7-1.

[2] *See* R. Doc. 1-1 (plaintiff's state-court Petition for Damages)

[3] *Id.* at 3 ¶ 5.

disability, loss of enjoyment of life and wage impairment extended to the present date and will continue to the future medical expenses [sic]."[4]

Defendants Robert Doty, Three Diamond Leasing, LLC, and Zurich American Insurance Company removed the action to this Court on July 22, 2015.[5] On August 14, 2015, Miknaitis moved to remand the action on the ground that his petition does not satisfy the requisite $75,000 amount in controversy.[6] Defendants oppose the motion.[7]

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are

---

[4]   *Id.* at ¶ 7.

[5]   *See* R. Doc. 1.

[6]   *See* R. Doc. 7; R. Doc. 7-1.  Miknaitis does not dispute that the parties are diverse for jurisdictional purposes. *See* R. Doc. 7; R. Doc. 7-1.

[7]   *See* R. Doc. 9.

courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for

3

relief of any original, amended, or incidental demand."). When, as here, a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

## III.  DISCUSSION

Because Miknaitis did not allege a specific amount of damages in his complaint, defendants must prove that the amount in controversy exceeds

4

$75,000.[8]  Miknaitis alleges that as a result of the car accident, he sustained injuries, including "physical and mental pain and suffering, disability, loss of enjoyment of life and wage impairment."[9]  He does not specify the type of physical injury he sustained.  Miknaitis does not appear to include as damages any past medical expenses and does not allege that he has undergone or will need to undergo any significant medical procedure, hospitalization, or other expensive treatment.  Nor does the record indicate that Miknaitis requested a jury trial in state court, which requires the amount of a plaintiff's cause of action to exceed $50,000.  *See* La. Code Civ. Proc. art. 1732(1).

When a state court petition includes "vanilla" allegations of damages, courts generally find that the amount in controversy is not facially apparent. *See, e.g.*, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that $75,000 jurisdictional amount was not facially apparent when

---

[8]   In his motion to remand, Miknaitis stipulates that his damages are less than $75,000. R. Doc. 7-1 at 1; R. Doc. 7-2.  When the amount in controversy is ambiguous, a court may consider a post-removal stipulation in the form of an affidavit that clarifies a plaintiff's damages. *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesaneles de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (holding that a court may consider an affidavit that "clarif [ies] a petition that previously left the jurisdictional question ambiguous" in determining whether remand is proper).  Here, however, Miknaitis has not submitted an affidavit.  Therefore, the Court does not consider his stipulation in its analysis.

[9]   R. Doc. 1-1 at 3 ¶ 7.

plaintiff did not allege damages for "loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability"); *Jupiter v. Lowe's Home Ctrs., Inc.*, No. 12-895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (classifying damages for "loss of enjoyment of life; physical disability; pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present and future medical expenses" as "vanilla" allegations insufficient to satisfy the jurisdictional amount). Even when a plaintiff has allegedly suffered "serious and debilitating injuries" or "severe and possibly permanent injuries," courts have found that the amount in controversy was not facially apparent. *See Jeffcoats v. Rite-Aid Pharmacy*, No. 01-764, 2001 WL 1561803, at *2 (E.D. La. Dec. 6, 2001) (holding that although plaintiff sustained "serious and debilitating injuries," it was reasonable to conclude that requisite jurisdictional amount was not met); *Palmer v. Wal-Mart Stores, Inc.*, No. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996) (holding that although plaintiff sustained "severe and possibly permanent injuries" defendant failed to prove the jurisdictional amount was met).

    Here, defendants argue that the amount in controversy requirement is met because Miknaitis alleges that he suffered "substantial personal

injuries."[10] But, as noted, Miknaitis's petition for damages does not reveal the nature or extent of his injuries, and defendants have not offered any evidence beyond Miknaitis's petition to demonstrate that his injuries are in fact "substantial." Given the nature of the accident and the generalized description of Miknaitis's injuries, the Court finds that defendants have not proven that the petition affirmatively reveals that the amount in controversy exceeds the jurisdictional minimum. Accordingly, the Court orders the case remanded to Louisiana's Twenty-Second Judicial District Court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Motion to Remand.

New Orleans, Louisiana, this ___14th___ day of September, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. 9 at 4.